

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*    (973) 645-2700
*Newark, NJ 07102*

SWC/PL AGR
2011R00897

November 26, 2013

Mauro M. Wolfe, Esq.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429

CR 14-45(AET)

Re: <u>Plea Agreement with Dhirenkumar Parikh</u>

Dear Mr. Wolfe:

    This letter sets forth the plea agreement between your client, Dhirenkumar Parikh, and the United States Attorney for the District of New Jersey ("this Office").

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Dhirenkumar Parikh to a two-count information, which charges conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371, and conspiracy to harbor illegal aliens for private financial gain, contrary to 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). If Dhirenkumar Parikh enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dhirenkumar Parikh for his visa fraud and alien smuggling activity from in or about March 2011 through in or about May 2012, as is more fully described in the criminal complaint filed under Magistrate Number 12-3083 (PS). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees

that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Dhirenkumar Parikh may be commenced against him, notwithstanding the expiration of the limitations period after Dhirenkumar Parikh signs the agreement.

Sentencing

   The violation of 18 U.S.C. § 371 to which Dhirenkumar Parikh agrees to plead guilty carries a statutory maximum prison sentence of five years. The violation of 8 U.S.C. § 1324 to which Dhirenkumar Parikh agrees to plead guilty carries a statutory maximum prison sentence of ten years. Each violation carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

   The sentence to be imposed upon Dhirenkumar Parikh is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dhirenkumar Parikh ultimately will receive.

   Further, in addition to imposing any other penalty on Dhirenkumar Parikh, the sentencing judge: (1) will order Dhirenkumar Parikh to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Dhirenkumar Parikh to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Dhirenkumar Parikh, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Dhirenkumar Parikh to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Dhirenkumar Parikh be placed on a

term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dhirenkumar Parikh may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dhirenkumar Parikh by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dhirenkumar Parikh's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dhirenkumar Parikh agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dhirenkumar Parikh from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post- sentencing proceedings that the sentencing

court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dhirenkumar Parikh waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Dhirenkumar Parikh agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(6)(A), he will consent to the entry of a forfeiture money judgment in the amount of $698,154.51 (the "Forfeiture Money Judgment"). Defendant acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from or is traceable to the proceeds of the offenses Dhirenkumar Parikh is pleading guilty to and/or constitutes substitute assets for property subject to forfeiture, as described in 21 U.S.C. § 853(p).

Further, as part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(6)(A), Dhirenkumar Parikh agrees to forfeit to the United States the below assets totaling $448,154.51 (the Specific Assets"), in partial satisfaction of the Forfeiture Money Judgment as follows:

    a. $69,411.70 previously contained in Bank of America account number 381010991569 held in the name of Vision Career Consultants USA Inc.;

    b. $12,216.92 previously contained in Bank of America account number 381024876939 held in the name of Dushyantkumar Parikh;

    c. $249,992.62 previously contained in Bank of America account number 381031539159 held in the name of Vision Career Consultants USA Inc.;

    d. $27,329.19 previously contained in Bank of America account number 002375025216 held in the name of Mital Parikh & Dhirenkumar Parikh;

 e. $11,764.64 previously contained in Bank of America account number 381010991572 held in the name of Vision Career Consultants USA Inc;

 f. $2,420.89 previously contained in Burke & Herbert Bank account number 57107714 held in the name of ACCT - American College of Commerce & Technology;

 g. $50,018.55 previously contained in Scottrade account number 65445275 held in the name of Dhiren Parikh;

 h. $25,000 consisting of 25 MoneyGram money orders in the amount of $1,000 each with a blank payee line recovered from Dhirenkumar Parikh's residence.

 Payment of the balance of the Forfeiture Money Judgment totaling $250,000 shall be made by certified or bank check. On or before September 1, 2014, Dhirenkumar Parikh shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

 In exchange for Dhirenkumar Parikh's consent to the forfeiture of the Specific Assets and the entry of the Forfeiture Money Judgment, the United States agrees to the release and return to Canara Bank of $555,000 previously contained in a foreign correspondent Citibank account held by Canara Bank.

 If the Forfeiture Money Judgment is not paid on or before September 1, 2014, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Dhirenkumar Parikh fails to pay any portion of the Forfeiture Money Judgment, he consents to the forfeiture of the real property located at 85 Arizona Avenue, Old Bridge, New Jersey, the real property located at 500 Damson Avenue, Galloway, New Jersey (collectively the "Real Property"), and any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

 Dhirenkumar Parikh acknowledges that the Specific Assets and the Real Property are subject to forfeiture as property, real or personal, that constitutes or is derived from or is

traceable to the proceeds of the offenses Dhirenkumar Parikh is pleading guilty to and/or constitutes substitute assets for property subject to forfeiture, as described in 21 U.S.C. § 853(p). All right, title, and interest in the Specific Assets, and all proceeds traceable thereto, shall be transferred or delivered to the United States on or before the date Defendant enters his guilty plea pursuant to this agreement.

Dhirenkumar Parikh represents that he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. Dhirenkumar Parikh agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Dhirenkumar Parikh consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Dhirenkumar Parikh knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Dhirenkumar Parikh further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Dhirenkumar Parikh further agrees to waive all interest in the Specific Assets, the Real Property, and any other property forfeited in partial or full satisfaction of the Forfeiture Money Judgment in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Specific Assets, the Real Property, and any other property forfeited in partial or full satisfaction of the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Dhirenkumar Parikh hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dhirenkumar Parikh. This agreement does not prohibit the United States, any agency thereof (including Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Dhirenkumar Parikh.

No Other Promises

This agreement constitutes the plea agreement between Dhirenkumar Parikh and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,
PAUL J. FISHMAN
United States Attorney

By: SHANA W. CHEN
Assistant U.S. Attorney

APPROVED:

David E. Malagold
Chief, Organized Crime/Gangs Unit

7

    I have received this letter from my attorney, Mauro M. Wolfe, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 12/31/13
Dhirenkumar Parikh

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: 12/30/13
Mauro M. Wolfe, Esq.

<u>Plea Agreement With Dhirenkumar Parikh</u>

<u>Schedule A</u>

1. This Office and Dhirenkumar Parikh recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dhirenkumar Parikh nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Dhirenkumar Parikh within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Dhirenkumar Parikh further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013, applies in this case.

<u>Conspiracy to Commit Visa Fraud</u>

3. The applicable guideline is U.S.S.G. § 2L2.1. This guideline carries a Base Offense Level of 11.

4. Specific Offense Characteristic § 2L2.1(b)(2) applies because the offense involved 100 or more documents. This Specific Offense Characteristic results in an increase of 9 levels.

5. Dhirenkumar Parikh was an organizer, leader, manager, or supervisor of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 2 levels.

6. The total offense level for this count is 22.

<u>Conspiracy to Harbor Illegal Aliens</u>

7. The applicable guideline is U.S.S.G. § 2L1.1(a)(3). This guideline carries a Base Offense Level of 12.

8. Specific Offense Characteristic § 2L1.1(b)(2)(c) applies because the offense involved 100 or more aliens. This Specific Offense Characteristic results in an increase of 9 levels.

9. Dhirenkumar Parikh was an organizer, leader, manager, or supervisor of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 2 levels.

10. The total offense level for this count is 23.

### Multiple Count Adjustment

11. Pursuant to U.S.S.G. § 3D1.2(d), the counts do group together.

12. Pursuant to U.S.S.G. § 3D1.3(b), the offense guideline that produces the highest offense level applies, that is 23.

### Acceptance of Responsibility

13. As of the date of this letter, Dhirenkumar Parikh has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dhirenkumar Parikh's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Dhirenkumar Parikh has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Dhirenkumar Parikh enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Dhirenkumar Parikh's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Dhirenkumar Parikh will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dhirenkumar Parikh is 20 (the "agreed total Guidelines offense level").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 20 is reasonable.

17. Dhirenkumar Parikh knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to

file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 20. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 20. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

18. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.