RECEIVED
APR 30 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

2011R00897/ESW

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>v.<br><br>**DHIRENKUMAR PARIKH,**<br><br>Defendant. | Criminal No. 14-45 (AET)<br><br>**CONSENT AGREEMENT AND PRELIMINARY ORDER OF FORFEITURE** |

**WHEREAS**, on or about January 31, 2014, defendant Dhirenkumar Parikh pleaded guilty pursuant to a plea agreement with the United States to an Information (the "Information") charging him, in two counts, with conspiracy to commit visa fraud, contrary to 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371, and conspiracy to harbor illegal aliens for private financial gain, contrary to 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I);

**WHEREAS**, as part of his plea agreement, the defendant consented to the entry of forfeiture money judgment in the amount of $698,154.51 (the "Money Judgment"), as well as the forfeiture of the below described specific assets (the "Specific Assets"), all pursuant to 18 U.S.C. § 982(a)(6)(A);

a. $69,411.70 previously contained in Bank of America account number 381010991569 held in the name of Vision Career Consultants USA Inc.;

b. $12,216.92 previously contained in Bank of America account number 381024876939 held in the name of Dushyantkumar Parikh;

c. $249,992.62 previously contained in Bank of America account number 381031539159 held in the name of Vision Career Consultants USA Inc.;

d. $27,329.19 previously contained in Bank of America account number 002375025216 held in the name of Mital Parikh & Dhirenkumar Parikh;

e. $11,764.64 previously contained in Bank of America account number 381010991572 held in the name of Vision Career Consultants USA Inc.;

f. $2,420.89 previously contained in Burke & Herbert Bank account number 57107714 held in the name of ACCT – American College of Commerce & Technology;

g. $50,018.55 previously contained in Scottrade account number 65445275 held in the name of Dhiren Parikh;

h. $25,000 consisting of 25 MoneyGram money orders in the amount of $1,000 each with a blank payee line recovered from Dhirenkumar Parikh's residence.

**WHEREAS**, after forfeiture the value of the Specific Assets is to be applied in partial satisfaction of the Money Judgment leaving an anticipated balance of $250,000 to be paid by the defendant on or before September 1, 2014;

**WHEREAS,** if the defendant fails to satisfy the Money Judgment in full by September 1, 2014, he consents to the forfeiture of the real property located at 85 Arizona Avenue, Old Bridge, New Jersey, the real property located at 500 Damson Avenue, Galloway, New Jersey, and the real property located at 74 Mattix Run, Galloway, New Jersey (collectively the "Real Property"), and any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the Money Judgment, and

remains responsible for the payment of any deficiency until the Money Judgment is paid in full;

**WHEREAS,** the defendant will not incur any debts or other liens against the Real Property, will pay all taxes and other financial obligations owed on the Real Property, and will not allow the Real Property to fall into disrepair during the pendency of this action;

**WHEREAS,** in the event the defendant fails to comply with this agreement:

i. The Real Property will immediately be vacated and surrendered to the United States; and

ii. The United States will then take possession of the Real Property, sell the Real Property, and then return the proceeds of the sale after deducting all costs associated with the sale of the Real Property, the satisfaction of all existing liens on the Real Property, and the deduction of remaining balance of the Money Judgment;

**WHEREAS,** the United States agrees to the release and return to non-party Canara Bank of funds in the amount of $555,000 which were seized by the United States pursuant 18 U.S.C. § 981(k) as representing funds traceable to the defendant's offenses and previously contained in a foreign correspondent Citibank account held by and for Canara Bank;

**WHEREAS,** Canara Bank agrees to release a certificate of deposit currently held in India which is owned by the defendant and valued at approximately $120,000, to the defendant through his counsel upon a written

request from the defendant and surrender of the certificate of deposit in forms satisfactory to Canara Bank;

**WHEREAS**, the defendant agrees to make such a request within 10 days of the entry of this order;

**WHEREAS**, in the plea agreement, the defendant further consented to the entry of the Money Judgment and Preliminary Order of Forfeiture as to the Specific Assets pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to take all necessary steps to pass clear title to the Specific Assets to the United States; and to the entry of amended preliminary orders of forfeiture if additional specific property is identified, pursuant to Rules 32.2(b)(2)(C) and 32.2(e);

**WHEREAS**, pursuant to the plea agreement, Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, and based on the foregoing, all right, title, and interest of the defendant in the Specific Assets is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c);

**WHEREAS**, the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6) require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

**WHEREAS,** the defendant agrees to hold and save harmless the United States of America, its agents, employees and/or any other persons who assisted

in the seizure or release, from any and all claims that might result from the seizure of property in this case and further agrees that the defendant shall not be entitled to costs, and there being a reasonable basis for the seizure of all property referenced in this agreement;

**WHEREAS**, Canara Bank agrees to hold and save harmless the United States of America, its agents, employees and/or any other persons who assisted in the seizure or release, from any and all claims that might result from the seizure of the $555,000 seized pursuant 18 U.S.C. § 981(k) as representing funds traceable to the defendant's offenses and previously contained in a foreign correspondent Citibank account held by and for Canara Bank and further agrees that Canara Bank shall not be entitled to costs, and there being a reasonable basis for the seizure of the $555.000;

**WHEREAS**, good and sufficient cause having been shown, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.  All of the defendant's right, title, and interest in the Specific Assets is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(6)(A).

2.  A Money Judgment in the amount of $698,154.51 is hereby entered against the defendant.

3.  The value of the Specific Assets will be credited to the Money Judgment upon the entry of a Final Order of Forfeiture forfeiting the Specific Assets.

4.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.     Promptly upon Canara Bank's release of the defendant's Certificate of Deposit valued at approximately $120,000, but in no event more than five (5) business days from notice of the delivery of the Certificate of Deposit to the United States, the United States shall release $555,000 to an account as directed by Canara Bank's counsel.

6.     Pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States is authorized to conduct any discovery needed to identify, locate, or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents, and subpoenas.

7.     Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.     The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the

government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Assets, any additional facts supporting the petitioner's claim, and the relief sought. See Fed R. Crim. P. 23.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

9. Any person, other than the defendant, claiming interest in the Specific Assets must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

11. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 30th day of April, 2014.

                                              _Anne E. Thompson_
                                              HONORABLE ANNE E. THOMPSON
                                              United States District Judge

The undersigned hereby consent to the entry and form of this agreement and order:

PAUL J. FISHMAN
United States Attorney

Dated:

By: EVAN S. WEITZ
Assistant United States Attorney

*[signature]*

Dated: 4/29/14

MAURO M. WOLFE, ESQ.
Attorney for Defendant Dhirenkumar Parikh

*[signature]*

Dated: 3/31/14

Defendant Dhirenkumar Parikh

Dated:

BARRY J. FRIEDBERG, ESQ.
Attorney for Canara Bank

-8-

The undersigned hereby consent to
the entry and form of this agreement and order:

PAUL J. FISHMAN
United States Attorney

By: EVAN S. WEITZ
Assistant United States Attorney

Dated: 4/29/14

_____
MAURO M. WOLFE, ESQ.
Attorney for Defendant Dhirenkumar Parikh

Dated:

_____
Defendant Dhirenkumar Parikh

Dated:

_____
BARRY J. FRIEDBERG, ESQ.
Attorney for Canara Bank

Dated: April 11, 2014

-9-